# Barnes *against* Dean.

An owner of the freehold may cut or carry away the grain or grass of one in wrongful possession, without subjecting himself to a recovery against him in an action of trespass.

ERROR to the common pleas of *Butler* county.

This was an action of trespass by Aaron Dean against John Barnes. The defendant having pleaded *liberum tenementum*, the only question which arose in the cause was, as to the propriety of the following direction of the court below to the jury:—

" If the plaintiff had the possession of the fields for a number of years before the acts complained of, and was in the actual possession of them at the time of committing the trespass, the plaintiff is entitled to recover, notwithstanding, as the case appears from the evidence, that the title to the land is vested in the heirs of the late John Potts" (under whom the defendant claimed.)

*Purviance* and *Gilmore*, for plaintiff in error, cited 2 *Selw.* 488; 4 *Johns.* 150; 13 *Johns.* 235; 7 *Cowan* 229.

*Ayres*, for defendant in error.

PER CURIAM.—The matter for consideration is, the propriety of the direction that the owner of the freehold may not cut or carry away the grain or grass of one in wrongful possession. The error of this is palpable.   At the common law, an entry by force was justifiable both civilly and criminally, with the single qualification that wanton violence were not used.   The owner was not at liberty to beat the intruder; but he might overcome resistance by force, or, as

[Barnes v. Dean.]

the law expresses it, " gently lay hands on him." But no degree of violence to objects that are a part of the freehold, could make him answerable by indictment or action. The frequency of actual collision from this, induced the legislature to interfere for the preservation of the public peace, but not for the disturbance of private rights. The statutes of forcible entry, declare many things criminal in relation to the public, that are entirely justifiable betwixt the parties; and this is one of them. That the common law remains the same as to remedy by action, is shown by the pleadings. The parties have put the question exclusively on the defendant's title to the freehold; and it was error to lead the jury to a decision of it on any thing else.

Judgment reversed, and a *venire de novo* awarded.