## John M. Hoffman v. Daniel B. Harrington.

*Forcible entry : Evidence.* On the trial of a complaint for a forcible entry, evidence of force employed to maintain a possession is not admissible to characterize, by relation, acts otherwise peaceable, by which [the possession had been previously obtained.—*Latimer v. Woodward*, 2 *Doug.*, 368, and *Seitz v. Miles*, 16 *Mich.*, 456, cited and approved.

Every forcible entry is forbidden; but a forcible detainer after a peaceable entry is not forbidden unless the detainer is unlawful; and in neither case is the possessory remedy given to any one who is not entitled to the possession.

*Heard October 22. Decided October 25.*

Error to St. Clair Circuit.

This action, which was brought by appeal from the judgment of a Circuit Court Commissioner into the Circuit Court for the county of St. Clair, was commenced by complaint under the provision of § *4975 of the Compiled Laws*, by Daniel B. Harrington against John M. Hoffman for a forcible entry. Judgment of restitution and for costs was rendered in favor of the complainant by the Commissioner, and, upon appeal, was confirmed in the Circuit Court. The

defendant below brings the cause into this court by writ
of error.

*A. E. Chadwick,* for plaintiff in error.

*John Atkinson,* for defendant in error.

CAMPBELL, CH. J.

Harrington brought a complaint in January, 1870, alleg-
ing that on the 19th of February, 1869, about eleven
months previous, the plaintiff in error, Hoffman, and one
Skinner, entered upon certain premises occupied by him,
with force, and ejected him, and have ever since unlawfully
occupied them, and that Harrington was entitled to the
possession.

The undisputed facts shown upon the trial were, that
Harrington had used the premises for some time, with the
adjoining streets, to put spars upon, being open and vacant
lots, and that on February 19th, he found the lots fenced,
and his spars off from the premises, and a man in Hoff-
man's employ making sills for a house. On that day
Harrington did nothing more than to forbid his proceeding
with the work or keeping possession, but made no attempt
to regain possession, and when Hoffman entered the prem-
ises there was no person occupying them, and no possession
in Harrington except that his spars were laid there. On
Monday, February 21st, when more work had been done on
the house, Harrington took men and attempted forcibly to
destroy the fence and to oust Hoffman, but sufficient force
was used to prevent him.

The court, under exception, charged the jury that if
the defendant entered upon the lots, and removed every-
thing belonging to the plaintiff, and fenced the lots, for
the purpose of excluding the plaintiff, and with the pur-

pose of using such force as was necessary to keep the plaintiff out, and within a short time, the plaintiff, upon discovering what the defendant had done, re-took possession, and the defendant expelled him by force from the lots, the whole conduct of the defendant must be considered together, and the force used by him will be taken to affect, and be part of his original entry, and make it a forcible entry under the statute.

The court also charged the jury that they could not regard any evidence showing that the defendant entered under color of title, as that would not in any way justify him.

The effect of this charge was to hold that a forcible detainer would relate back so as to make the entry forcible, and therefore unlawful, and to deprive a party who enters quietly with title from defending his possession. The statute does not sanction any such doctrine as that a trespass by relation can be so created as to render an entry forcible which was not forcible. The offenses of forcible entry and forcible detainer are entirely distinct. Every forcible entry is forbidden, and is therefore unlawful. But a forcible detainer after a peaceable entry is not forbidden unless the detainer is unlawful, and in neither case is the possessory remedy given to any one who is not *entitled to the possession.*—2 *C. L.,* §§ *4974, 4975, 4976.*

After resorting to the possessory remedy, the party aggrieved, if he obtains restitution, is entitled to bring trespass for threefold damages.—2 *C. L.,* §§ *4717, 4997.* But neither civil damages nor restitution can be granted if the complainant is not entitled to the possession and the defendant has the rightful possessory title. If the defendant enters forcibly he is liable to criminal prosecution. If he be a trespasser, or one holding over without right, and uses force against the rightful possessory title, he is liable both

civilly and criminally for forcible detainer. But there is no other case of responsibility than for an entry with force or an unlawful holding. The doctrine is thus stated by Mr. Starkie: "One who has a right of possession cannot legally take it by force, and is liable for a criminal prosecution if he use violence and commit a breach of the public peace. But he may assert his right, and take possession if he can do it peaceably, without incurring any penalty; and being in possession may retain it, and plead that it is his soil and freehold, or otherwise, according to his interest. And though the violent and forcible assertion of a right may subject the party to criminal animadversion, yet it does not render him liable to a civil suit for merely taking that which was his own."—*2 Stark. Ev., 330.*

In *Hyatt v. Wood, 4 J. R., 150,* which was an action of trespass upon an entry with force, the court say: "It may be laid down as an axiom that no man can recover upon a claim of right to property against another, whose rights to the subject matter are superior to those of the person so claiming damages for a violation of his supposed rights. At common law, and prior to the statutes to prevent forcible entries, wherever a right of entry existed, the disseisee might lawfully regain the possession by force (*1 Hawk, c., 64*). In a case bearing analogy to the present, of personal property, the right of recaption exists, with the caution that it be not exercised riotously, or by a breach of the peace; for should these accompany the act, the party would then be answerable criminally; but the riot or force would not confer a right on a person who had none, nor would they subject the owner of the chattel to a restoration of it to one who was not the owner. With respect to real property, the owner, having a right of entry, may, since the statutes, enter peaceably upon one who is in possession without right, by the very terms of those statutes.—*3 Term*

*R., 292; 3 Bl. Com., 174.* If the entry in such case be with a strong hand, or a multitude of people, it is an offense, for which the party entering must answer criminally; but it would be an absurdity to say that he must also be responsible in damages, as for an injury to the person who has no right, but is himself a wrong-doer in consequence of his illegal entry." After further discussion and citations, it was held that in such an action, as in other actions of trespass, the defendant was entitled to set up his own title under a plea of *liberum tenementum,* and the plaintiff could not reply *de injuria,* but must meet that defense. The same principle has been fully recognized in the English cases.—*Turner v. Meymott, 1 Bing., 158; Taunton v. Costar, 7 T. R., 431; Davies v. Connop, 1 Price, 53.*

It does not become necessary in this case to decide whether in a case of actual force in the entry itself there may not be an award of restitution, where the complainant was in under a paper title, as intimated in some of the cases where restitution is given upon an indictment. There is much reason for compelling a possession obtained by force to be restored, and to regard the force itself as a trespass. Upon this point we reserve our decision. But the present case is one where the court made the subsequent force relate back to qualify a peaceable entry, and this would be a clear violation of every principle of justice.

Our own courts, as well as others, have decided that the entry cannot be qualified by subsequent proceedings, not really forming a part of the original transaction. In *Latimer v. Woodward, 2 Doug. R., 368,* the space between the entry and the subsequent resistance to re-entry was much less than in the present case. It was supposed, as it would seem, that in *Seitz v. Miles, 16 Mich., 456,* this court sanctioned the idea that an entry might be qualified by subsequent facts, and that although peaceable, and obtained by

stratagem, subsequent force would qualify it. But no such point as applicable to such a case as this was decided or intimated. A forcible entry is not made unless the tenant is forcibly expelled, and is not complete until the expulsion. That case decided what has been held by most of the common-law authorities, that the forcible expulsion was the real thing aimed at, and if the possessory act was completed either by the use of force or by the exhibition of such superior force as actually intimidated the party and induced him to leave, it was not necessary that he should have resisted it and compelled an actual breach of the peace. The principal question in issue was, whether by leaving without a conflict the party did not acquiesce in the entry. And it was held that if the force was superior, and there was a threat to use it, which the possessor had reason to believe would be carried out, the case came within the law. This was in accordance with the law as laid down by Hawkins ("*Forcible Entries,*" *p. 501*), and by other authorities cited in *Seitz v. Miles.* It was merely to correct the notion that there must be an actual and not threatened breach of the peace; but it was not designed to qualify the nature or extent of the force used or exhibited, nor to change the law that the possession must be secured by the actual expulsion by such force of the tenant. There can be no force used of this kind in entering on open lands where no one is in charge. As said by Judge Livingston in a similar case in *McDougall v. Sitcher, 1 J. R., 42,* "the goods which were left could not prevent the entry's being peaceable. They were incapable of resistance, and therefore, no breach of the peace could ensue." See also *Harrington v. Scott, 1 Mich. R., 17, and Davis v. Ingersoll, 2 Doug. R., p. 372.* And in the Michigan case of *Latimer v. Woodward,* before cited, it was held that there was no forcible entry unless the force and the entry com-

bined were the means of getting into possession in the first place. When once in possession without force, to the exclusion of the former possessor, the new tenant, if responsible at all for using force to defend his possession thereafter, is liable for forcible detainer and not for forcible entry. He commits no more than an ordinary trespass if he had no right to enter, and if he had a right to enter and does so peaceably, he commits no wrong at all.

The doctrine of relation was therefore improperly applied. When Harrington appeared on the premises on Saturday he did not seek to regain possession, and no force was exhibited against him. And at that time the entry had been completed and improvements begun and partly completed. The acts committed on Monday were merely in resistance to Harrington's acts of force, and we are not called upon to decide how far they were culpable, as they formed no part of a forcible entry.

We do not deem it necessary to consider the other questions raised, as there can be no occasion for their decision under the present complaint, upon which on his own testimony complainant cannot recover. He has evidently mistaken his remedy.

Judgment must be reversed with costs, and a new trial granted.

GRAVES and COOLEY, JJ. concurred.

CHRISTIANCY, J. did not sit on this case.