THOMAS J. APPLETON AND MINNIE M. APPLETON v. EUGENE BUSKIRK.

*Landlord and tenant—Forcible detainer—Tenancy at will.*

1. Authority from the owner to a tenant to move upon land, with a statement that he could have all the crops he could raise, and could "live there as long as he had a mind to," creates a tenancy at will between the parties.

2. A tenant peaceably in possession, who uses no force and threatens none, but refuses to leave until obliged to by the law, is not guilty of a forcible detainer of the leased premises.

Error to Kent. (Montgomery, J.) Argued October 19, 1887. Decided October 27, 1887.

Action for forcible detainer. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Sliter & Comstock,* for appellants.

*John C. Quinsey,* for defendant.

MORSE, J. This is a proceeding to oust the defendant from the possession of five acres of land, which it is claimed he "holds wrongfully and by force against Thomas J. Appleton and his wife, Minnie M. Appleton," who are now lawfully entitled to the possession thereof.

Upon appeal from the commissioner, the case was tried in the Kent circuit court, before Judge Montgomery, without a jury, who rendered judgment in favor of the defendant. No findings of facts were requested or filed.

The only error assigned is that there was no testimony given on the trial to support the judgment.

It is doubtful if we can, under such an assignment, review a judgment entered in favor of the defendant.

It devolves upon the plaintiff to establish his case, and, if

the circuit judge should not believe the testimony of his witnesses, it would hardly be in our power to say that credence should be given them.

But in this case the merits seem to us to be with the defendant. The plaintiffs, by the testimony adduced in their behalf, fail, in the first place, to make out a case of forcible detainer.

The defendant came lawfully into the possession of the premises in the spring of 1885. Charles H. Brown, who was the grantor of plaintiffs, authorized the defendant to move upon the land, and told him he could have all the crops he could raise thereon. There is a dispute between Brown and defendant as to the time he was to occupy the premises. Brown says it was for the summer. Defendant swears that Brown told him he could live there as long as he had a mind to.

In December of the same year, defendant went away temporarily to work at lumbering. He left his goods in the house, and potatoes and apples buried upon the premises. In March he returned, and peacefully moved into the house again. During his absence, Brown quitclaimed the premises to the Appletons.

In March, 1886, Sliter, the agent of plaintiffs, called upon him. We give Sliter's version of the conversation between them:

"I went to the house and knocked at the door, and Mr. Eugene Buskirk came and opened it. I think I asked him, in the first place, how it happened that he was there. He said he thought he had a right there. I told him that he certainly had not any right there, and asked him whether he would move out. He said he would not go until he was put out.

"I cannot pretend to give the exact language used upon that occasion; but I know that he used that language,—that he would not go out until he was put out. That is all of it. I said to him it would be better, to avoid any trouble, for him to go out. He insisted that he was not going out until he

was put out, and, if we intended to put him out, the sooner he found it out the better. I said, 'If that is what you desire, Mr. Buskirk, we will proceed to do so.' To which he responded, 'I think the sooner the better.' He wanted to know what was going to be done.

"I told him in the conversation that I did not come there for the purpose of knocking him down and dragging him out, or something of that kind,—words to that effect; I did not come to quarrel, and have any breaches of the peace, but I desired him to leave the place. He emphatically affirmed to me three or four times that he would not leave the house until we took measures to eject him therefrom, and put him out."

The plaintiffs proceeded under sections 8286 and 8287, How. Stat., and arrested the defendant upon a warrant, as authorized under said sections. In summary proceedings in other cases to recover possession of lands, a warrant is not authorized. No arrest can be made, but, upon complaint, a summons is issued. See How. Stat. §§ 8295-8301.

If the evidence of Sliter shows a forcible detainer in this case, then there must be a forcible detainer in every case where a tenant refuses to move out upon demand of his landlord. The defendant in this case used no force, and threatened none. He simply stood upon his supposed legal rights, and said to Sliter, in substance, that he should remain until the law removed him. See *Marsh v. Bristol*, 65 Mich. 378; *Harrington v. Scott*, 1 Id. 17; *Davis v. Ingersoll*, 2 Doug. 372; *Hoffman v. Harrington*, 22 Mich. 52; *Shaw v. Hoffman*, 25 Id. 162.

If the defendant's testimony was taken as true by the circuit judge, and he had the unqualified right to so regard it, Buskirk was a tenant at will, and entitled to notice before he could be dispossessed.

The judgment is affirmed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.