**VIAL v. HOFEN.**

TRESPASS—PLEA OF TITLE—ACTION FOUNDED UPON POSSESSION.

In trespass *qu. cl.*, a plea of title is good where the entry was not made under circumstances involving a breach of the peace. Mere occupancy by an intruder in such case will not support the action.

Error to Houghton; Hubbell, J. Submitted June 14, 1895. Decided July 2, 1895.

Trespass *quare clausum fregit* by James Vial against John Hofen. From a judgment for defendant, plaintiff brings error. Affirmed.

*C. A. Wright*, for appellant:

Defendant could not, by showing title in himself, justify his disturbance of plaintiff's possession. *Larue* v. *Russell*, 26 Ind. 386; *Salisbury* v. *Green*, 17 R. I. 758; *Austin* v. *Bailey*, 37 Vt. 219; *Railroad Co* v. *Cobb*, 68 Ill. 53, 82 Ill. 183; *VanAuken* v. *Monroe*, 38 Mich. 725; *Newcombe* v. *Irwin*, 55 Mich. 620; *Dolahanty* v. *Lucey*, 101 Mich. 113; *Ostrom* v. *Potter*, 104 Mich. 115.

*Chadbourne & Rees*, for appellee:

One having the right to the possession of land cannot be held liable in trespass for a peaceable entry thereon. *Mason* v. *Holt*, 1 Allen, 45; *Merriam* v. *Willis*, 10 Allen, 118; *Williston* v. *Morse*, 10 Metc. 17; *Hyatt* v *Wood*, 4 Johns. 150; *Marsh* v. *Bristol*, 65 Mich. 378.

MONTGOMERY, J. This is an action for trespass *quare clausum*. The evidence on the trial established beyond room for controversy the following facts: That about the 8th of June, 1894, the plaintiff entered upon the 40-acre description mentioned in his declaration, and built a house upon it (the character of which does not very clearly appear in the declaration, but it must have been hastily constructed), and, after it was habitable, moved into it with his family. The defendant held a tax deed to the land, and the land joined his main farm, upon which he lived with his family. He had maintained a possession of the 40 acres in question for a period of at least 12 to 15 years before plaintiff entered upon it; had cleared a field, fenced it, taken out the stumps, sowed it to timothy, and had mowed the field for several years. After the plaintiff's entry, and on the 12th of July, defendant entered the field referred to with his employés, cut the grass, and drew it away. For this alleged trespass suit is brought. The testimony shows that defendant never acquiesced in the attempt of plaintiff to wrest possession

from him, but, on the contrary, brought an action in trespass for the entry which the plaintiff made upon the land, and recovered judgment against the plaintiff.

Plaintiff's contention is that his possession is conclusive as to his right, and that the defendant should not have been permitted to show title and previous possession in himself. The plaintiff appears not to have been content to apply the same rule to his own conduct that he now asks the court to apply to that of the defendant. He did not seek to establish his right to possession by proceedings at law, but invaded the actual possession of the true owner, and now contends that this intrusion shall preclude defendant from entering his own fields to regain or maintain his possession. There is no pretense that there was any breach of the peace committed by defendant on entering the field and cutting and removing the hay. Under the circumstances, we think, if defendant could reclaim his own without committing a breach of the peace, he cannot be held to be a trespasser. 2 Wat. Trespass, § 1194; 2 Greenl. Ev. § 626; 1 Hil. Torts, 586; 26 Am. & Eng. Enc. Law, 600; *Barnes* v. *Dean*, 5 Watts, 543. At the common law the plea of *liberum tenementum* was always a good plea in this form of action, and, if the defendant was able to show title in himself, the defense prevailed. It is unnecessary to determine whether such a plea should prevail under the forcible entry and detainer act, or in an action for trespass where the facts show a forcible entry. See *Hoffman* v. *Harrington*, 22 Mich. 52. But, in the absence of force,—and by this is not meant simply the force used upon the property (*Shaw* v. *Hoffman*, 25 Mich. 169),—the plea is good, as at common law. The defendant in this case interposed a plea of title, and at the conclusion of the evidence the circuit judge directed a verdict for the defendant. This action was fully justified.

The judgment will be affirmed, with costs.

The other Justices concurred.