115    197
136   ¹604
115    199
f153  ²490

## BURKE *v.* DOUGLASS.

1. ADVERSE POSSESSION—VENDEE UNDER LAND CONTRACT.

Possession by a vendee under a land contract is not adverse until he has either complied with its terms, or has in some way given notice to his vendor or the latter's assignees that he claims to hold in hostility thereto.

2. SAME—RE-ENTRY—TRESPASS.

One who has succeeded to the rights of the vendor in a land contract, which provided for re-entry on condition broken, is not guilty of trespass as to the vendee in peaceably taking possession of the premises when unoccupied, where the vendee, who is in default, does not claim under the contract, but, without ever having given notice of such an intention, sets up an adverse holding. ·

Error to Ionia; Davis, J. Submitted November 3, 1897. Decided December 7, 1897.

Trespass *quare clausum fregit* by William Burke against Dayton Douglass. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

This suit was commenced in justice's court. Defendant pleaded title, and the case was thereupon certified to the circuit for trial. Defendant owns the record title. Plaintiff claims title by adverse possession.

May 17, 1879, Cora Soule (the then owner) and plaintiff entered into an executory land contract, by which he agreed to pay $32.50 for the lot,—$2.50 in cash, and the balance in monthly installments of $5. He took possession under the contract, leveled the lot, and erected a small barn upon it. Mrs. Soule died, and on October 30, 1880, one Rumsey purchased the lot at administrator's sale, and thus succeeded to all the rights of Mrs. Soule. Rumsey deeded to defendant, who, finding the lot unoccupied, went upon it, tore down the barn, and claimed possession.

*Chaddock & Scully*, for appellant.

*A. A. Ellis*, for appellee.

GRANT, J. (*after stating the facts*). 1. The court directed a verdict for the defendant. Whatever rights plaintiff had were obtained solely from his contract. He entered under it, continued in possession under it, and never notified Mrs. Soule or her grantees that he claimed to hold adversely to it. His contract was not recorded. When Rumsey purchased, he had no knowledge of plaintiff's rights. He asked plaintiff what they were, to which plaintiff replied that the lot was his. Rumsey then brought suit to eject him, whereupon plaintiff produced his contract with Mrs. Soule as the basis of his rights. He produced it upon the trial in this case, tendering it in evidence "for the purpose of showing how he went into possession, and not for the purpose of claiming any rights under it." Plaintiff's counsel seek to bring the case within *Cook* v. *Hopkins*, 68 Mich. 514; *Cook* v. *Rounds*, 60 Mich. 310. Their claim is that the right of re-entry for nonpayment arose in August, 1879, and that from that time on plaintiff's possession was hostile and adverse, though nothing was said or done by him to indicate any denial of his vendor's rights or title. *Cook* v. *Hopkins* was submitted to the jury upon the theory that "until Cook received notice or became informed that they repudiated his title, or held against it, their holding was subordinate to his, and the statute did not begin to run." If, however, that case goes to the extent of holding that, upon the failure on the part of a vendee to comply with his land contract, the right of forfeiture and re-entry arose, and the statute of limitations then began to run, he has not brought himself within that decision. His own proof is conclusive that the right of forfeiture and re-entry was waived by payment upon the purchase price, and its acceptance by the vendor, after the right of re-entry accrued. After Rumsey's purchase, he produced the contract, and relied upon it, and, according to Rumsey's testimony, he permitted plaintiff to keep possession by paying the taxes,

Rumsey having previously paid them. Possession by a vendee under a land contract is not adverse until he has either complied with its terms, or has in some way given notice to his vendor or his assignees that he claims to hold in hostility thereto. *In re Department of Public Parks,* 73 N. Y. 566; *Heermans* v. *Schmaltz,* 7 Fed. 577; *Furlong* v. *Garrett,* 44 Wis. 112; *Brown* v. *King,* 5 Metc. (Mass.) 173; *Miller* v. *Larson,* 17 Wis. 624; *Adams* v. *Fullam,* 43 Vt. 592; 1 Am. & Eng. Enc. Law (2d Ed.), 799. The court was right in holding that plaintiff had not established a title by adverse possession.

2. Plaintiff had not performed his contract, and claims no rights under it as vendee, but claims to hold adversely. Defendant had the legal title, and the right to re-entry for condition broken. The premises were unoccupied, and he took peaceable possession. The law justified him in so doing. If a party "may reclaim his own without committing a breach of the peace," he is not a trespasser. *Vial* v. *Hofen,* 106 Mich. 160.

Judgment affirmed.

The other Justices concurred.