WEAVER *v.* MOTOR TRANSIT MANAGEMENT CO.

1. Negligence—Burden of Proof.

    The burden of proof in action for negligence never shifts to defendant.

2. Motor Vehicles—Rear-End Collision—Presumption of Negligence—Burden of Proof.

    In action against owner of motorbus for negligence in striking plaintiff's automobile from rear, plaintiff still has burden of establishing defendant's negligence by preponderance of evidence, notwithstanding creation of presumption of negligence in defendant by Act No. 236, Pub. Acts 1919; effect of statute being to prevent directed verdict against plaintiff and to require defendant to go ahead with proof on subject of negligence.

3. Same—Rebuttable Presumption.

    Presumption of negligence created by Act No. 236, Pub. Acts 1919, constitutes no more than rebuttable presumption.

4. Same—Trial—Instructions—Burden of Proof.

    Instruction of court shifting burden of proof to defendant under presumption of negligence created by Act No. 236, Pub. Acts 1919, was reversible error.

5. Same—Negligence—Rear-End Collision.

    If automobile driver is required, by negligence of driver of another car in front, to make sudden stop to avoid head-on collision, and driver of motorbus at rear, through negligence,

---

Reciprocal duty of drivers of automobiles proceeding in same direction as to stopping without proper warning, see annotation in 24 A. L. R. 508; 47 A. L. R. 703; 62 A. L. R. 971.

bumps into standing car, causing it to collide with car in front, negligence of motorbus driver is direct cause of accident.

6. SAME—PRESUMPTION OF NEGLIGENCE.
    If automobile driver, in emergency, brings his vehicle to sudden stop without signal to vehicle following at reasonable distance to also stop, presumption of rear driver's negligence under Act No. 236, Pub. Acts 1919, is not to be indulged, unless opportunity to stop was afforded after need to do so was apparent.

Error to Washtenaw; Sample (George A.), J. Submitted June 13, 1930. (Docket No. 10, Calendar No. 34,929.) Decided December 2, 1930.

Case by Van M. Weaver against Motor Transit Management Company, an Illinois corporation, for personal injuries. From judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*Louis E. Burke* and *Carl A. Lehman,* for plaintiff.

*Payne & Payne,* for defendant.

WIEST, C. J.   The evening of July 23, 1928, plaintiff was a guest, riding in an automobile over a paved highway, followed at a distance of 35 or 40 feet by an interurban passenger bus owned by defendant, when an approaching Cadillac automobile turned from the opposite line of traffic and plaintiff's driver, in an effort to avoid a head-on collision, turned his car slightly to the right or side of the pavement, made a sudden stop, and the auto bus collided from the rear, and, it is claimed, bumped the car into the approaching automobile, plaintiff was injured, brought this suit and recovered damages against defendant Motor Transit Management Company.

Upon review we find one error commanding reversal. The circuit judge gave the following instruction:

"I instruct you under the law of this State when a motor vehicle traveling in a certain direction overtakes and strikes the rear end of another motor vehicle traveling in the same direction, or lawfully standing upon any highway, the driver or operator of the first-mentioned vehicle is deemed to be *prima facie* guilty of negligence, and in this case I instruct you that, under this rule, the driver of the defendant's bus at the time in question, under the facts as here related, is *prima facie* guilty of negligence in running into the rear end of the car in which the plaintiff was a passenger, and this fact causes the burden to shift, and the driver must establish by the preponderance of the evidence that he was not guilty of negligence in striking the rear end of a car lawfully on the highway ahead of him. That is, the burden would shift for the driver of the bus to show that."

The burden of proof in an action for negligence never shifts to the defendant. The presumption mentioned tentatively supplies enough to prevent a directed verdict against plaintiff and to require a defendant to go ahead with his proofs on the subject of negligence, and, if credible evidence is submitted, the plaintiff still has the burden of establishing defendant's negligence by a preponderance of the evidence. *Depue* v. *Schwarz,* 222 Mich. 308; *Noonan* v. *Volek,* 246 Mich. 377.

The trial judge shifted the burden from plaintiff to defendant and permitted the jury to find defendant guilty of negligence, unless defendant established, by a preponderance of the evidence, that its driver was not guilty of negligence. This was error and highly prejudicial. *Sewell* v. *Railway,* 158

Mich. 407; *Niedzinski* v. *Bay City Traction & Electric Co.,* 160 Mich. 517.

Counsel for defendant contend that:

"The proximate, efficient, primary, continuing, and dominant cause of the accident was the negligence of the driver of the Cadillac car; plaintiff failing to prove that defendant's negligence, if any, was an efficient, intervening cause, or that the acts of negligence of the drivers of the Cadillac car and defendant's bus were concurrent."

If the negligence of the driver of the Cadillac car brought a situation requiring a sudden stop by plaintiff's driver, in order to avoid a head-on collision, and defendant's bus, at the rear, through negligence of its driver, bumped plaintiff's car into collision with the Cadillac car, then the negligence of defendant's driver was a direct cause of the accident.

Counsel for defendant claim that Act No. 236, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4865 [5–6]), is in *pari materia* with other motor vehicle acts regulating operation upon highways, and the presumption of negligence should not have been indulged in this case.

The 1919 act deems it *prima facie* evidence of negligence for a vehicle to overtake and strike another vehicle proceeding in the same direction, or lawfully standing upon a highway. We think its provisions applicable to the instant case under the most favorable view of testimony in behalf of plaintiff, but constituting no more than a rebuttable presumption. It is not, of course, an inflexible rule of law, for each case must be decided upon its own facts, and if it is made to appear that the driver ahead, in an emergency, brings his vehicle to a sudden stop without signal to a vehicle following at a

reasonable distance to also stop, then the presumption of negligence is not to be indulged, unless opportunity to stop was afforded after need to do so was apparent.

The defendant was not entitled to a directed verdict. For the reason pointed out the judgment is reversed, and a new trial granted, with costs to defendant.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.