RESNIK v. TRUMBULL-CHEVROLET SALES CO.

1. Trial—Argumentative and Prejudicial Charge to Jury.
   In determining whether the charge of a court to a jury is argumentative and prejudicial the charge must be viewed as a whole.

2. Same—Unnecessary Repetition.
   Unnecessary repetition in a charge is argumentative and prejudicial.

3. Same—Automobiles—Rear-End Collision—Negligence—Contributory Negligence—Instructions.
   Charge to jury in action arising out of rear-end collision of truck with preceding automobile, the principal elements of which related to the question of negligence, whether it was that of the truck driver or contributory negligence of plaintiff, *held*, not to contain unnecessary repetition so as to make it argumentative and prejudicial when charge is viewed as a whole.

4. Automobiles—Rear-End Collision—One-Way Street—Stopping — Signals — Negligence — Contributory Negligence — Question for Jury.
   In motorist's action against truck owner for personal injuries sustained when its truck collided with rear end of plaintiff's car which had been preceding and was then stopped in second

Contributory negligence a question for the jury, see 2 Restatement, Torts, § 434, comment c; standard of conduct to which plaintiff must conform, §§ 283–285, 463, 464; function of jury in determining causal relation between negligence and harm, §§ 465, 466 (b).

lane on one-way street in front of the truck because of third vehicle being parked in first lane at right, where there is evidence to support plaintiff's claim that she slowed down to a stop and gave a signal of intention to stop and defendant's claim that she came to a sudden stop, a question for the jury was presented as to whether or not defendant's driver was guilty of negligence if faced with a sudden emergency and whether or not plaintiff was guilty of contributory negligence.

5. SAME—REAR-END COLLISION—ONE-WAY STREET—EVIDENCE—NEW TRIAL.

Verdict of no cause of action against owner of truck which collided with rear end of plaintiff's car which preceded and stopped in front of truck on one-way street was not shown to have been contrary to the weight of the evidence, hence trial court was not in error in denying new trial on such ground.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 10, 1944. (Docket No. 35, Calendar No. 42,716.) Decided December 1, 1944.

Case by Constance Resnik against Trumbull-Chevrolet Sales Company, a Michigan corporation, for personal injuries sustained in a collision between automobiles. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*David E. Flayer* (*Maurice Miller,* of counsel), for plaintiff.

*Vandeveer & Haggerty* (*Fred L. Vandeveer,* of counsel), for defendant.

SHARPE, J. Plaintiff brought the present action for damages for personal injuries growing out of an automobile collision. On February 3, 1942, at or about the hour of 2 p.m., plaintiff was driving an automobile in a northerly direction on Second Boulevard in the city of Detroit. Second Boulevard is a one-way street for traffic proceeding in a northerly

direction. There were cars parked in the first lane next to the east curb and plaintiff was proceeding in the second lane of traffic. An automobile proceeding directly in front of plaintiff attempted to enter the first lane of traffic for the purpose of parking his car, causing plaintiff to slacken the speed of her car. At this time an employee of defendant company was driving one of its trucks directly behind plaintiff, at a distance of 20 to 25 feet. As plaintiff slowed down, defendant's truck struck the rear bumper of her car, resulting in personal injuries to plaintiff.

The cause came on for trial and at the close of plaintiff's testimony defendant company moved for a directed verdict upon the ground that "plaintiff herself is guilty of negligence which contributed to and is the proximate cause of any injury that she has sustained." The trial court denied the motion. Further testimony was introduced by defendant company and the cause submitted to a jury, which returned a verdict of no cause of action. Plaintiff appeals and urges that the charge of the court was argumentative and prejudicial; that the court erred in charging the jury several times that they could find both plaintiff and defendant to blame for the accident; that the court was in error in submitting the question of plaintiff's contributory negligence to the jury; and that it was error to deny plaintiff's motion for a new trial.

We are not in accord with the claim of plaintiff that the charge of the court was argumentative and prejudicial. It is fundamental that the charge of the court must be viewed as a whole. In the case at bar the principal elements of the charge related to the question of negligence, whether it was the negligence of defendant's driver or the contributory negligence of plaintiff.

We recognize that unnecessary repetition in a charge is argumentative and prejudicial (see *Buchel* v. *Williams,* 273 Mich. 132), but under the facts and circumstances in this case we cannot say that the trial court violated the above rule.

The principal question involved in this case relates to the contributory negligence of plaintiff. We have therefore set out the testimony bearing upon this issue.

Plaintiff testified that the accident happened at approximately the center of the block.

"As I was driving, the car in front of me parked and it was necessary for me to slow down. I stopped and signaled with my hand and applied my brakes. I know that my stop lights were working and that they were working before the time of this accident, and that they were working after the accident. I then looked in the mirror and saw a truck coming in back of me. I would say the truck was between 50 and 75 feet, or three car lengths, or four car lengths away after I came to a stop and looked, and it was approaching fast. * * *

"The truck was coming faster than 25 miles per hour and at that time I was in a stopped position and the truck hit me from the rear. * * *

"I did see the truck coming from my rear through that mirror which is on the left side of my convertible. I automatically look in the mirror when I slow down by applying my brakes, and that is the way I drive. I was in motion when I first saw the truck and I started to slow down at that time and as I started to slow down I looked in the mirror. * * *

"I did give a signal by my hand. I don't remember which hand but I think I signaled with my right hand. I signaled with my right hand like this (indicating with a sweep of the arm) inside the car. There was no particular reason why I did not signal with my left hand out of the window. The truck driver did see me signal because he told me he did.

I said, 'Didn't you see me signal?' and he said 'Yes'.
He did say that he saw me signal with my hand because I said 'I signaled with my hand' and he said
he saw that.''

Steven Detvay, the driver of defendant's truck,
testified as follows:

''As I moved north on Second in the second lane
of travel I observed this car just made a complete
fast stop, and there was nothing for me to do, just
try to make my stop and it was too late. I did not
see any signal given by that car and I was looking
ahead. I did not observe any hand signal. Her car
in front of me just made a dead stop and that is the
only reason that made me stop.''

He further testified that as he was going north he
was about 20 feet to the rear of plaintiff's car and at
the rate of speed he was travelling he could have
stopped the truck in 25 to 30 feet.

Both parties rely upon *Weaver* v. *Motor Transit
Management Co.*, 252 Mich. 64. In the *Weaver Case*
plaintiff was riding in an automobile which was followed by a bus owned and operated by defendant
company. The bus travelled 35 to 40 feet to the
rear of the car in which plaintiff was riding. An
approaching car turned from the opposite line of
traffic, and plaintiff's driver, in an effort to avoid a
head-on collision, turned his car to the right and
made a sudden stop. The bus collided into the rear
of the car in which plaintiff was riding. We there
said:

''Each case must be decided upon its own facts,
and if it is made to appear that the driver ahead, in
an emergency, brings his vehicle to a sudden stop
without signal to a vehicle following at a reasonable
distance to also stop, then the presumption of negli-

gence is not to be indulged, unless opportunity to stop was afforded after need to do so was apparent.''

The above rule is not helpful to plaintiff. It only applies when there is a sudden stopping of a car. In the case at bar plaintiff claimed that she slowed to a stop and gave a signal of her intention to stop. Defendant's driver claimed that she came to a sudden stop. There is testimony in support of each claim. It thus presented a question of fact for the determination of a jury. If plaintiff came to a sudden stop without giving ample warning to defendant's driver, then a jury could find that she was guilty of contributory negligence, or the jury could have found that under the circumstances of this case defendant's driver was faced with a sudden emergency and was not negligent in colliding into plaintiff's car. We cannot say that the verdict of the jury was contrary to the weight of the evidence. The trial court was not in error in denying plaintiff's motion for a new trial.

The judgment is affirmed, with costs to defendant company.

NORTH, C. J., and STARR, WIEST, BUTZEL, BUSH-NELL, and REID, JJ., concurred with SHARPE, J. BOYLES, J., concurred in the result.