BREHM ET AL. *v.* LORENZ

[No. 105, October Term, 1954.]

502

*Decided March 22, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, and COLLINS, JJ.

*Thomas F. Dempsey* and *Edward D. Martin,* with whom was *John J. Sweeney, Jr.,* on the brief, for the appellants.

*Kenneth C. Proctor* and *Michael P. Crocker,* with whom were *Piper & Marbury* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This action was brought by George A. Brehm and Ruth M. Brehm, his wife, against Arthur L. Lorenz, Jr., to recover damages sustained when an automobile in

which Mrs. Brehm was sitting, and which had momentarily come to a stop on Reisterstown Road in Baltimore, was struck in the rear by an automobile driven by defendant.

The accident occurred on the morning of November 14, 1952, about an hour after midnight. Mrs. Brehm, age 29, an employee in the Social Security office in the Candler Building on Pratt Street, had been working on November 13 on the late shift. As the friend who had been driving her home had been called away from his work on account of his wife's illness, Mrs. Brehm asked A. Frank Gramazio, another employee in the office, to drive her home. At about 12:30 a. m. she left in Gramazio's car, a 1951 Plymouth. Shortly after 1 a.m., while they were driving through the 5000 block of Reisterstown Road at a speed of about 25 miles an hour, a cat ran in front of the car. Gramazio applied the brakes and the car came to a stop within five or ten feet. Almost instantaneously the car was bumped in the rear by defendant's car. When Gramazio again applied the brakes, Mrs. Brehm was thrown forward, her knees hitting the dashboard. The impact pushed Gramazio's car forward about five or six feet. Gramazio and defendant got out of their cars and looked at the license numbers and operator's licenses. Gramazio admitted in the Court below that he told defendant that the accident was unavoidable. As a result of the sudden jerk in the car, Mrs. Brehm suffered a pain in her neck, side and arm, but was able to go back to work the next night.

Plaintiffs averred that Gramazio was driving in a careful manner, and that the accident was due solely to the negligence of defendant. Mrs. Brehm's claim was for personal injuries and for loss of wages resulting from her incapacitation. Her husband's claim was for loss of her services and for her medical expenses.

At the close of plaintiffs' case, the trial judge directed a verdict in favor of defendant. The judge stated that, in view of the sudden stop of Gramazio's car and the fact that the impact of the automobiles was slight, the

verdict should be for defendant on the evidence submitted by plaintiffs alone. Judgment was entered on the verdict, and plaintiffs appealed from the judgment.

The general rule has been established in this State that every automobile driver must exercise toward other travelers on the highways that degree of care which a person of ordinary prudence would exercise under similar circumstances. *State v. Magaha,* 182 Md. 122, 32 A. 2d 477; *Cocco v. Lissau,* 202 Md. 196, 95 A. 2d 857; *Domeski v. Atlantic Refining Co.,* 202 Md. 562, 97 A. 2d 313. In the Maryland Motor Vehicle Law there is also this provision: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Code 1951, art. 66½, sec. 189(a). Thus it is the duty of the rear driver to keep a safe distance between vehicles, and to keep his machine well in hand, so as to avoid doing injury to the machine ahead, so long as the driver is proceeding in accordance with his rights. *Mitchell v. Dowdy,* 184 Md. 634, 642, 643, 42 A. 2d 717.

Just how near the driver of an automobile may follow another automobile and still exercise ordinary care depends upon the facts and circumstances of the case. *Sieland v. Gallo,* 194 Md. 282, 287, 71 A. 2d 45; *Christman v. Weil,* 196 Md. 207, 212, 76 A. 2d 144. The driver of the front car must exercise ordinary care not to stop or slow up without giving the driver of the rear car adequate warning of his intention to do so. The driver of the rear car must exercise ordinary care to avoid colliding with the front car. Just how much warning the driver of the front car must give of his intention to stop or slow up, and what precautions the driver of the rear car must take to avoid colliding with a car which stops or slows up in front of him, cannot be formulated in any precise rule. The question whether due care was used by either of the drivers is a question for the jury except when the case is one where reasonable

minds would not differ. *Cardell v. Tennessee Electric Power Co.,* 5 Cir., 79 F. 2d 934, 937.

However, in any action for damages the court is not justified in inferring negligence merely from possibilities. A mere surmise that there may have been negligence on the part of the defendant will not justify the court in submitting the case to the jury. The plaintiff must produce some evidence that the defendant, either by his act or omission, violated some duty incumbent upon him that caused the injury. If there is no evidence upon which a rational conclusion may be based in support of the plaintiff's claim, the court should withdraw the case from the jury. *Baltimore & Ohio R. Co. v. State, to Use of Savington,* 71 Md. 590, 599, 18 A. 969; *Riley v. New York, Philadelphia & Norfolk R. Co.,* 90 Md. 53, 58, 44 A. 994; *Sullivan v. Smith,* 123 Md. 546, 558, 559, 91 A. 456.

The basic rule that the burden of proof is on the party asserting the affirmative of the issue, as determined by the pleadings and the nature of the case, applies, of course, to actions arising out of motor vehicle collisions. Accordingly, in an action for injuries sustained in an automobile collision, the burden of proof is on the plaintiff to show that the defendant was guilty of negligence which directly contributed to the accident, since the happening of the accident does not of itself constitute negligence, and evidence of negligence does not give rise to liability unless the negligence was the cause of the injury. *Gloyd v. Wills,* 180 Md. 161, 165, 23 A. 2d 665; *Finney v. Frevel,* 183 Md. 355, 362, 37 A. 2d 923.

In this case plaintiff's alleged in their declaration: (1) that defendant did not keep a proper lookout, (2) that he was traveling at an excessive rate of speed, and (3) that he did not have his car under proper control. But they failed to produce any evidence whatever of any specific act of negligence on the part of defendant. There was no evidence that he failed to keep a proper lookout, and no evidence that he did not have his car under proper control. There was also no evidence that

he was driving too near Gramazio's car. In fact, Gramazio admitted on the stand that he did not know that any car was coming behind him. It is common knowledge that a driver can usually see in his mirror the reflection of the headlights of a car coming close behind him. But Gramazio admitted that, although the weather was clear on the night of the accident, he did not see any reflection from the lights of defendant's car. There was also no evidence that defendant was driving at an excessive rate of speed before it bumped into Gramazio's car. If any inference at all could be drawn, it would be that defendant was driving at a moderate speed, because the impact pushed Gramazio's car only five or six feet, and the damage to the automobiles as a result of the collision was very slight. Gramazio said that the collision did not damage his car in any way except to bend his exhaust pipe, and he straightened the pipe without any help. He also said that defendant's car was not damaged in any way except that the grill was pushed out of alignment so that the hood would not latch.

Plaintiffs urged, however, that even if they did not introduce any evidence of any specific act of negligence, a presumption of negligence arose under the doctrine of *res ipsa loquitur*. There are, it is true, cases of motor vehicle collisions that warrant application of this doctrine. For example, if a motor vehicle plunges off a highway and strikes a pedestrian on the sidewalk or crashes into a building, the injured person may show the happening of the accident and then rest, relying upon the inference of negligence to be deduced from the facts and circumstances of the case without any direct proof of any specific act of negligence. *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 262, 96 A. 2d 241; *Shirks Motor Express v. Oxenham,* 204 Md. 626, 106 A. 2d 46.

We have stated that the justice of the doctrine of *res ipsa loquitur* is found in the circumstance that the principal evidence of the true cause of the accident was accessible to the defendant but inaccessible to the victim of the accident. *Potts v. Armour &*

Co., 183 Md. 483, 488, 39 A. 2d 552; *Coastal Tank Lines v. Carroll,* 205 Md. 137, 144, 145, 106 A. 2d 98. Under this doctrine, when the plaintiff has established a *prima facie* case, the burden of proof does not shift to the defendant, but there is cast upon him the duty to go forward with the evidence, and it is for the jury to decide whether the defendant met that obligation. *Potomac Edison Co. v. Johnson,* 160 Md. 33, 36, 152 A. 633; *Baltimore American Underwriters of Baltimore American Ins. Co. v. Beckley,* 173, Md. 202, 208, 195 A. 550; *Hickory Transfer Co. v. Nezbed,* 202 Md. 253, 362, 96 A. 2d 241.

However, in order to render the doctrine applicable in the case of an automobile accident, the accident must be one such as does not happen in the ordinary course of events if due care has been exercised. Where both the machine and the operation of it are within the control of the defendant, and the accident is one that ordinarily would not happen, except by reason either of defects in the machine or negligence in the operation, a presumption of one or the other arises from the happening of the accident sufficient to justfy a verdict against the defendant. But the rule of *res ipsa loquitur* is not applied except where the facts established are so clear and certain that the inference naturally arises from them that the accident was caused by the negligence of the defendant. *Williams v. McCrory Stores Corporation,* 203 Md. 598, 604, 102 A. 2d 253.

It is a general rule that negligence is not presumed from the mere happening of a motor vehicle collision, because it cannot be inferred in the absence of negligence that one party rather than the other was at fault. *Hutchinson v. Follmer Trucking Co.,* 333 Pa. 424, 5 A. 2d 182. We specifically hold that the mere happening of a rear-end collision of two motor vehicles, without evidence of the circumstances under which it happened, is not proof of negligence of either driver. *Hendler v. Coffey,* 278 Mass. 339, 179 N. E. 801. Moreover, as we said in *Mitchell v. Dowdy,* 184 Md. 634,

642, 42 A. 2d 717, the fact that one automobile is traveling in close proximity to another does not of itself constitute negligence. If it appears that the driver of an automobile brought it to a sudden stop because of some emergency, without giving any warning to a driver following at a reasonable distance, there is no presumption that the rear driver was negligent unless he had the chance to stop after the necessity of stopping was apparent. *Weaver v. Motor Transit Management Co.*, 252 Mich. 64, 233 N. W. 178, 179.

In this case the front car, in which Mrs. Brehm was riding, was stopped unexpectedly and very suddenly when the driver saw the cat. The sudden stop in itself could be ample cause for the collision. In these circumstances, the doctrine of *res ipsa loquitur* was not applicable.

As plaintiffs failed to produce any evidence legally sufficient to show that defendant was guilty of negligence, the judgment entered on the directed verdict will be affirmed.

*Judgment affirmed, with costs.*