SEIDLER, to Own Use and Use of American Fidel-ity Company et al. *v.* SKEENS et al.

[No. 150, September Term, 1960.]

*Decided February 17, 1961.*

The cause was argued before Henderson, Hammond, Prescott, Horney and Sybert, JJ.

*David R. Cohan,* with whom were *William W. Cahill, Jr.,* and *Weinberg & Green* and *Solomon Liss* on the brief, for appellant.

*F. Gray Goudy,* with whom were *Grafton D. Rogers, Donald T. Cronin, George W. White, Jr., Samuel D. Hill* and *Buckmaster, White, Mindel & Clarke* on the brief, for appellees.

PER CURIAM.

In this case involving a five-car chain reaction collision on the Baltimore-Washington Expressway on the morning of November 30, 1956, the plaintiff-appellant (Berger or Seidler) contends that it was error to submit the question of her contributory negligence to the jury inasmuch as no sufficient evidence of negligence on her part had been presented.

Immediately prior to the accident all of the automobiles involved were in motion on one of the three southbound traffic lanes of the highway. Walton, the first operator, stopped suddenly in the fast lane when his daughter became ill. Skeens, the second operator, also in the fast lane, crashed into the rear of the Walton automobile. Heath, the third operator, who stated he was also in the fast lane, struck the rear of the Skeen's automobile. But according to Woolfson, the fourth operator, he was in the middle lane, and collided with Heath in that lane where Heath had come to a stop after striking Skeens. Seidler, the fifth operator, claimed she never left the slow lane and that Woolfson veered out of the middle lane in front of her and caused the final collision and the injuries she sustained. On the other hand, Woolfson claimed that he did not leave the middle lane and that Seidler came out of the slow lane from behind a truck preceding her and struck him on the right side of his automobile. Woolfson was somewhat corroborated by the report of the investigating officer who placed the point of impact between the fourth and fifth automobiles inside of the middle lane. The jury exonerated Walton and found Skeens, Heath and Woolfson guilty of negligence, but also found Seidler (the plaintiff-appellant) guilty of contributory negligence.

The issue of whether or not the plaintiff-appellant was contributorily negligent was properly submitted to the jury. Relying primarily on *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475 (1955), she contends that Woolfson was confronted

334

with an emergency and, since he gave her no warning, there was no presumption that she was negligent. That case is not in point here. In the *Brehm* case, involving another rear-end collision, it was not controverted that the front automobile stopped suddenly to avoid striking an animal and that a passenger was injured when the rear automobile collided with the front one, but in the instant case, where there were two directly opposite versions as to how the accident happened, the jury could—and obviously did—believe that the act of the plaintiff-appellant in leaving the right lane and entering the middle lane constituted negligence on her part that directly contributed to her injuries.

Where reasonable minds can draw different conclusions from the evidence as to the presence or absence of contributory negligence, the question is a proper one for the jury to decide. *Meldrum v. Kellam Distributing Co.*, 211 Md. 504, 128 A. 2d 400 (1957); *Crunkilton v. Hook*, 185 Md. 1, 42 A. 2d 517 (1945). See also *Aetna Co. v. Owens*, 220 Md. 450, 154 A. 2d 437 (1959).

*Judgment affirmed, appellant to
pay the costs.*