### THE YELLOW CAB COMPANY, ET AL.
#### *v.* BONDS, ET AL.

[No. 504, September Term, 1965.]

*Decided December 21, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Hamilton O'Dunne,* with whom were *William A. Hegarty* and *O'Doherty, Gallagher, Hegarty & Coughlin* on the brief, for appellants.

*James M. Gabler,* with whom were *Barbara Ann Spicer* and *Smith, Somerville & Case,* on the brief for John R. Jewell, Commissioner of Department of Motor Vehicles, part of appellees; no brief filed for Ethel Louise Bonds, other appellee.

HORNEY, J., delivered the opinion of the Court.

In this boulevard case, in which the accident initiated by the failure of the operator of an unidentified automobile to stop or yield the right of way at an intersection of a side street with a favored one was closely followed by the collision of a taxicab with the rear of another automobile directly in front of it which had come to a sudden stop to avoid colliding with the intruding motor vehicle, the question on appeal is whether the cabdriver was guilty of negligence which was also a proximate cause of the accident.

The plaintiff-appellee is Ethel Louise Bonds, who was a passenger in the taxicab and was injured in the accident. The defendants-appellants are the Yellow Cab Company, the owner of the cab, and George Filling, the driver thereof. John R. Jewell, Commissioner of the Department of Motor Vehicles, was made a party-defendant in the lower court and is named as an appellee in this Court.

The accident occurred in Baltimore City at a point thirty-two feet west of the intersection of Mount Clare Street, a narrow, one-way, north bound street, with Lombard Street, a four-lane, one way east bound boulevard. The taxicab, which was traveling east in the second lane from the south curb along which several motor vehicles were parked collided with the rear of the automobile operated by Fred Seitz when he applied his brakes and stopped to allow the north bound intruding automobile to pass through the stop-sign marked intersection. It was raining at the time and the streets were wet. Immediately prior to the collision, the taxicab had been following one and a half or two car lengths (twenty-four to twenty-eight feet) behind the Seitz automobile at twenty to twenty-five miles per hour. Other automobiles were traveling in the same lane behind the taxicab, the closest of which was following at a distance of about two or two and a half car lengths. The damage to the front bumper of the taxicab and the rear bumper of the Seitz automobile was slight.

The cabdriver did not see the intruding automobile until it passed in front of the Seitz automobile as it was coming to a stop. He could not remember whether he saw the Seitz brake lights come on. When the cabdriver became aware that the automobile ahead of him was going to stop, he applied his brakes

"immediately" but as he did they locked and he slid on the wet street into the rear of the Seitz automobile. Although he believed his brakes were in good condition, the cabdriver admitted that he did not know within what distance the cab could be brought to a stop under the existing circumstances. He had thought that one and a half car lengths was enough but he finally admitted that he was wrong. He further admitted that the motor vehicles behind him were able to stop without incident.

Seitz saw the intruding automobile before it entered the intersection and surmised it was not going to heed the stop-sign, "started" to apply his brakes and came to a complete stop for a "second or so," without difficulty and without skidding, before he was struck by the taxicab.

The trial court reserved its decision on the motion for a directed verdict and submitted the case to the jury on instructions to which exceptions were taken, and the jury found for the plaintiff against all the defendants. Subsequently, the court having denied the motion of the cab company and the cabdriver for a judgment *n.o.v.,* the judgment on the verdict in the stipulated sum of $3500 was made absolute and this appeal followed.

On appeal, the appellants, claiming that they were entitled to a judgment as a matter of law and that the evidence was legally insufficient to prove that what the cabdriver did was a contributing and proximate cause, contend that the negligence of the operator of the intruding automobile was the sole and proximate cause of the accident. The appellees, on the other hand, claiming that the cabdriver was guilty of negligence, contend that there was ample evidence to show that the cabdriver was following too closely behind the automobile in front of him, that he failed to pay attention to traffic conditions ahead of him and that his negligence in each respect contributed to the happening of the accident.

That there can be more than one proximate cause of an accident is clearly established. While the negligence of the cabdriver must have been *a proximate cause* in order to warrant recovery by the passenger, it did not necessarily have to be the sole proximate cause of the accident. The negligence of the operator of the intruding automobile did not excuse the cab

owner and driver from liability for damages. It was enough that the negligence of the cabdriver, in concurrence with that of the other motorist, proximately caused or contributed to the injuries the passenger sustained. *Yellow Cab Co. v. Hicks,* 224 Md. 563, 168 A. 2d 501 (1961) ; *Armiger v. Baltimore Transit Co.,* 173 Md. 416, 196 Atl. 111 (1938) ; *Brawner v. Hooper,* 151 Md. 579, 135 Atl. 2d 420 (1926). Other cases are collected in 3 M.L.E., *Automobiles,* § 162.

The argument of the appellants is that the boulevard law relieved them from liability because the operator of the cab was the favored driver, but this fact did not relieve the cabdriver of the obligation to use due care under the circumstances of this case. *Harper v. Higgs,* 225 Md. 24, 169 A. 2d 661 (1961) ; *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 49 A. 2d 537 (1946). Nor did the fact that a concurrent tort-feasor violated the boulevard law affect the claim of the appellee against the appellants.

Rather, since the accident was the result of concurrent contributing causes, and there is evidence that the cabdriver was not as alert as he should have been, the case, besides involving a violation of the boulevard law, also involves a violation of § 224(a) of Article 66½ of the Code (1957) providing that:

> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

A driver, charged with keeping these factors in mind, is obliged to act reasonably and prudently, *Sieland v. Gallo,* 194 Md. 282, 71 A. 2d 45 (1950), and whether or not he did so is generally a question of fact for the jury to determine. *Christman v. Weil,* 196 Md. 207, 76 A. 2d 144 (1950).

In *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475 (1955), where it was held that the sudden stopping of the leading motorist because of an emergency did not give rise to a presumption that the following motorist was negligent unless he had a chance to stop, the directed verdict in favor of the defendant (the following motorist) was sustained. To the contrary, in *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 137 A. 2d 700

(1958), where it was held that the owner of the following motor bus, which struck the leading automobile as it was gradually slackening its speed, was not entitled to a directed verdict on the theory that the evidence disclosed an emergency, the submission of the case to the jury was sustained. In the case at bar, since there was only slight evidence that the "complete stop" of the leading motorist caused an emergency, there was no reason, as there was in *Brehm,* to take the case away from the jury. Nor, since the evidence as to the gradual deceleration of the leading motor vehicle was inconsequential, there was no reason, as there was in *Prinz,* to submit a question to the jury as to the negligence of the cabdriver on this point. But because there was satisfactory evidence that the cabdriver was following too closely the automobile ahead of him, we think the question, as to whether the cabdriver was guilty of negligence which was a proximate cause of the accident, was properly submitted to the jury. In addition to his own testimony indicating that he was following too closely behind the automobile in front of him, there was other evidence that he was inattentive to the wet condition of the street and the traffic directly ahead of him. The rule is that the negligent operation of a motor vehicle is a question for the jury except where reasonable minds would not differ. *Todd v. Ferrell,* 212 Md. 574, 130 A. 2d 581 (1957); *Brehm v. Lorenz, supra. Cf. Wiggins v. State use of Collins,* 232 Md. 228, 192 A. 2d 515 (1963). And see *Brown v. Ellis,* 236 Md. 487, 204 A. 2d 526 (1964). As we see it, the evidence was such as to warrant the jury finding, as it apparently did, that the failure of the cabdriver to observe the distance between the cab and the automobile ahead of him was a concurrent and contributing cause of the accident. *Baltimore Transit Co. v. Pue,* 243 Md. 256, 220 A. 2d 551 (1966).

> *Judgment affirmed; appellants to pay the costs.*