# HILLEBRECHT *v.* STEIN

[No. 516, September Term, 1965.]

94

*Decided December 21, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*John C. Sullivan* for apppellant.

*William H. Geppert,* and *Hugh A. McMullen,* with whom were *Gunter & Geppert* on the brief, for appellee.

HORNEY, J., delivered the opinion of the Court.

Essentially, this case involves the same question of law with which we were concerned in *Yellow Cab Co. v. Bonds,* 245 Md. 86, 225 A. 2d 41 (1966). The basic facts in the two cases are quite similar. Only the scene of the boulevard tragedy has been changed from one city to another. The known actors are George Stein, the plaintiff-appellee, whose automobile was struck in the rear by the automobile of Fred Hillebrecht, the defendant-appellant, when Stein had to stop to avoid colliding with a red automobile that sped through the red light as he and Hillebrecht were approaching a green light at an intersection in Cumberland.

The accident occurred shortly after midnight on a day in the latter part of June of 1964 at the intersection of Greene Street and Ridgely Road that was controlled by a traffic light which, at the time of the accident, was located near the sidewalk at the right side of the street or road. The intersection is located about one fourth of a mile from downtown Cumberland where Greene Street bears to the left in a wide sweeping curve toward Ridgely, West Virginia.

According to the plaintiff, he was operating his automobile easterly on Greene Street at a speed of about ten to fifteen miles per hour as he was approaching the green light at the intersection. When he saw the red automobile intruding into the intersection from the left he swerved his vehicle to the right, applied his brakes slowly and reduced his speed, but before he had come to a complete stop his automobile was struck in the rear by the automobile of the defendant.

According to the defendant, he had parked his automobile prior to the accident on Greene Street heading eastward about one hundred and five feet from the intersection. When he returned to his vehicle, he got in, waited for the plaintiff to go by and then drove about two car lengths behind him at about fifteen to twenty miles per hour until the plaintiff, in order to avoid colliding with the red automobile, applied his brakes and came to an abrupt stop. Almost simultaneously, the defendant skidded one or two feet and struck the automobile of the plaintiff in the rear with his left fender and pushed the vehicle forward several feet. On cross-examination, when the defendant was asked why he did not swerve to the right, he replied that that would have put him out of the lane in which he was driving. And when he was asked whether it would not have been better to have swerved into the right lane rather than collide with the vehicle in front of him, he stated that he did not think the plaintiff would have to stop.

So far as the record shows, the only vehicles on the street and road were the three automobiles involved in the accident. The damage to the automobile of the defendant was slight but the damage to the automobile of the plaintiff (as well as the personal injuries he sustained) was extensive.

At the close of the evidence, the motion of the defendant for

a directed verdict was denied. The jury, under the court's instruction, as to which there were no exceptions, returned a verdict in favor of the plaintiff in the sum of $15,026.61 for personal injuries and property damage. And when the motion for a judgment *n.o.v.* was also denied, the defendant appealed.

On appeal, the appellant, claiming that the "following too closely" statute did not require submission of the case to the jury and that a verdict should have been directed in his favor, contends there was no legally sufficient evidence of primary negligence on his part which was the proximate cause of the accident. On the other hand, the appellee contends that there was an abundance of legally sufficient evidence of negligence on the part of the appellant which contributed to the accident.

As stated in the *Yellow Cab-Bonds* case there can be two proximate causes of an accident, each of which in and of itself, regardless of the fact that another tort-feasor was equally negligent, could warrant a finding of liability on the part of the wrongdoer. *Armiger v. Baltimore Transit Co.,* 173 Md. 416, 196 Atl. 111 (1938). Moreover, the fact that the red automobile ran through the red light did not relieve the appellant of the duty imposed on him by § 224(a) of Article 66½ of the Code (1957).

Section 224(a) requires the driver of a following motor vehicle to take into consideration the speed of the leading vehicle as well as "the traffic upon and the condition of the highway." As was said in *Yellow Cab-Bonds* the question is usually for the jury to decide.

While this case involves the *going through* a red traffic signal rather than the *coming into* a favored highway against a stopsign, the principle of law applicable here is the same as that decided in the *Yellow Cab-Bonds* case in that the evidence in this case, as in that case, is such as to require submission to the jury of a question as to whether the following motorist was guilty of negligence. Here, where the court had to consider the conflicting evidence in the light most favorable to the plaintiff, there was evidence to the effect that although the leading motorist had to act quickly he was not confronted with a sudden emergency situation. It is clear therefore that the following motorist was not entitled to a directed verdict. *Baltimore Tran-*

*sit Co. v. Prinz,* 215 Md. 398, 137 A. 2d 700 (1958) ; *Todd v. Ferrell,* 212 Md. 574, 130 A. 2d 581 (1957). Also see *Bricker v. Graceffo,* 236 Md. 558, 204 A. 2d 512 (1964). There was also evidence tending to show that had the following motorist driven slower and been alert to the closeness of the leading motor vehicle, he could have swerved to the right and avoided the accident. Either situation was enough to justify the trial court's submitting a question to the jury. Whenever the minds of reasonable men might differ as to the evidence presented a determination by the jury is required. See *Yellow Cab-Bonds, supra,* and the cases cited therein. The motion for a directed verdict was properly denied and the case was properly submitted to the jury.

*Judgment affirmed; appellant to pay the costs.*