## CLARK *v.* JUNKINS

[No. 24, September Term, 1966.]

*Decided January 4, 1967.*

The cause was argued before HAMMOND, C. J., and MAR-
BURY, BARNES, McWILLIAMS and FINAN, JJ.

*James B. Gilbert* for appellant.

*Paul V. McCormick,* with whom were *McInerney, Latham
& Layne* and *D. Warren Donohue* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appellant, Mrs. Clark, the plaintiff below, had allowed
her son Christopher to use her automobile for purposes of his
own on the afternoon of November 25, 1964. While driving to
pick up a friend, Christopher slid the car into the rear of a
preceding car which had stopped preparatory to making a right
turn into a private driveway.

At the conclusion of the testimony for Mrs. Clark, Judge
Moorman took the case from the jury, ruling as a matter of law
that there had been no sufficient evidence of primary negligence,
that the presumption that Christopher was his mother's agent
had been rebutted and, unnecessarily and anomalously, that
Christopher had been contributorily negligent.

Christopher testified that he observed the car of the defen-
dant, Junkins, at the end of a line of cars which had stopped
at a traffic light, that he slowed to about sixteen miles an hour
and then, after the light turned green, as the cars in front of
him proceeded up a grade, he began to accelerate and had
reached a speed of about twenty-two miles an hour when he
saw that the Junkins car, without warning of any kind—by
hand or mechanical means or by the showing of a brake light—
had suddenly stopped in front of him. He immediately applied
his brakes but because the streets were wet from rain, his car
slid into the rear of the defendant's car. Another witness testi-
fied that he saw the Junkins car stop suddenly and saw Chris-

topher's car slide into it. Junkins told the investigating police officer that he had intended to turn right into a private driveway, that as he approached the driveway a car was coming out of it into the roadway, that he stopped to allow the car to come out, and then was struck. He admitted both to the officer and to Christopher that he had given no signal of any kind of his intention to make a turn.

We think Judge Moorman erred in his rulings.

"The general rule in Maryland is that where motor vehicles are traveling in the same direction there exist duties incumbent upon both drivers. The driver to the rear has a duty to exercise reasonable and ordinary care to avoid injury to the vehicle in front of him. However, the driver in the vehicle ahead also must exercise the same degree of care to avoid injury to the vehicle behind him. And the degree of care incumbent on the driver to the rear to avoid colliding with the vehicle ahead is not susceptible of precise formulation, but must depend on the facts and circumstances of each particular situation." *Bernardi v. Roedel*, 225 Md. 17, 22.

As in *Bernardi*, the circumstances in the case before us "do not compel one conclusion only, i. e., that * * * the driver of the front vehicle was not guilty of any negligence in the bringing of his vehicle to a halt. Consequently that question was for the jury to resolve, and they could have concluded that appellant stopped too suddenly for appellee to avoid the collision."

Code (1957), Art. 66½, § 228, provides:

"(a) *Turning.*—No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then giving an appropriate 'signal in the manner hereinafter provided [by means of the hand and arm or by an approved signal lamp or signal device] in the event any other vehicle may be affected by such movement.

"(b) *Same—How given.*—An adequate signal of intention to turn right or left shall be given during

not less than the last 100 feet traveled by the vehicle before turning.

"(c) *Stopping or decreasing speed.*—No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal."

Testimony in behalf of Mrs. Clark was that no signal whatever was given of an intention to turn (Junkins admitted this) or of an intention to stop or suddenly decrease speed (Junkins, testifying for the plaintiff as a hostile witness, said he thought it was probable that his brake lights went on—that they worked before and after the accident—but this testimony could at best produce only a question for the jury in view of Christopher's testimony that there was no brake light signal, *Bernardi v. Roedel, supra,* at page 23 of 225 Md.; *Cobourn v. Morrison,* 227 Md. 96). The alleged sudden stop without warning occurred in the middle of a block, at a point where a stop or sudden decrease of speed or a turn is not a probability ordinarily to be anticipated. It is clear to us that whether Junkins was or was not negligent was a matter for the jury to decide. *Bernardi v. Roedel, supra; Kantor v. Ash,* 215 Md. 285; *Baltimore Transit Co. v. Prinz,* 215 Md. 398; *Brehm v. Lorenz,* 206 Md. 500, 505-06; *Sieland v. Gallo,* 194 Md. 282; cf. *Yellow Cab Co. v. Bonds,* 245 Md. 86 and *Hillebrecht v. Stein,* 245 Md. 93.

The case must be remanded for a new trial. If the evidence as to agency is the same as it was in the first trial, there would have to be, as a matter of law, a finding of non-agency. *Grier v. Rosenberg,* 213 Md. 248, 254-55. If there was no agency, it would be immaterial to a determination of Junkins' liability to Mrs. Clark whether Christopher was or was not contributorily negligent since his negligence would not bind the owner of the car. *Price v. Miller,* 165 Md. 578; 2 *Restatement, Torts,* § 485; 2 *Restatement (Second), Agency,* § 317. See also *Sklar v. Southcomb,* 194 Md. 626, 630. Cf. *Slutter v. Homer,* 244 Md. 131. If on the new trial agency is found as a matter of law or by the trier of fact, *Grier v. Rosenberg, supra,* the issue of

108

whether Christopher was following Junkins too closely or was inattentive or otherwise did not act as a reasonably prudent man would have acted would have to be decided by the trier of fact.

*Judgment reversed, with costs, and case remanded for further proceedings.*