## TRAISH *v.* HASAN AND SNURE

[No. 71, September Term, 1966.]

*Decided February 14, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Marvin E. Perlis,* with whom were *Gordon & Perlis* on the brief, for appellant.

*Albert D. Brault,* with whom were *Brault, Scott & Brault* on the brief, for Moneef Hasan, one of appellees; and *Robert C. Heeney,* with whom were *Craig S. Rice,* and *Heeney, McAuliffe & McAuliffe* on the brief, for John Snure, Jr., other appellee.

FINAN, J., delivered the opinion of the Court.

On July 15, 1964, plaintiff-appellant, Shawki M. Traish, was a passenger in an automobile owned and operated by defendant-appellee, Moneef Hasan. Appellant and Hasan were proceeding north on 16th Street, Silver Spring, Maryland, and Hasan brought his vehicle to a halt in obeyance to the traffic control signal at the intersection of 16th Street and East-West Highway. At this intersection, 16th Street is comprised of four lanes: A "left turn only" lane; two center lanes; and a right curb lane devoted to parking. Hasan stopped his vehicle in the "left turn only" lane. He was then told by appellant that in order to get to their intended destination, he would have to continue on 16th Street instead of proceeding left onto East-West Highway. Thereupon Hasan maneuvered his vehicle into the next lane on his right, cutting in front of the appellee-defendant's (John Snure, Jr.) automobile. Sharp words between Hasan and Snure ensued. When the automatic control signal changed to green, Hasan proceeded north on 16th Street, followed by Snure. Approximately 100 yards north of the inter-

section, according to the appellant's testimony, "somebody from the right side forced his way in front of" Hasan's vehicle, forcing Hasan to come to a complete stop. Whereupon Snure's vehicle collided with the rear of Hasan's automobile, injuring the appellant.

Appellant filed suit in the Circuit Court for Montgomery County against appellees for personal injuries. The declaration charged appellee Hasan with failure to: (1) "maintain adequate control over his vehicle"; (2) "maintain proper speed"; and (3) "give proper signals so as to give the driver to the rear adequate warning of his [Hasan's] intention to stop; * * *." The declaration further alleged that appellee Snure was negligent in failing to: (1) "maintain proper speed"; (2) "maintain adequate control over his vehicle"; and (3) "maintain a safe distance between his vehicle and that of defendant Hasan; * * *."

Regarding the issue of Hasan's alleged negligence, the plaintiff testified that Hasan was traveling at a rate of "25 miles" per hour when the car on the right cut in front of Hasan's vehicle and that Hasan had to apply his brakes in order to avoid hitting the car. Appellant further testified that the brake lights on Hasan's vehicle were working properly at the time of the accident. However, when cross-examined about this point by counsel for appellee, Snure, the appellant said he did not inspect the brake lights but assumed they were in proper working order since Hasan kept his car "in good condition." Raymond Thompson, a witness called by the appellant, testified in vague terms as to excessive speed on the part of Hasan. The import of his testimony was that Hasan left the intersection, to use appellant's counsel's words, "pretty fast"; however on cross-examination of appellant by counsel for Hasan, this exchange took place:

Q. Now, after the light changed, then Mr. Hasan went completely over in the right lane and went straight up; is that right?
A. Yes
Q. Was there anything wrong with the way he took off or accelerated or did he take off in a normal

manner when he pulled away from the light? By that I mean Mr. Hasan.

A. Just took off normally.

On the question of Snure's negligence, appellant testified that the impact of the rear-end collision was sufficient to break the car seat. Thompson testified that Snure was "two or three car lengths" behind Hasan's vehicle when Hasan applied his brakes. On the issue of speed, the witness testified that he was "in second gear and * * * slowing down." He estimated his speed at "20 miles an hour" and that Snure was moving away from him. It was his opinion that Snure left the intersection at "a little better than a reasonable rate." However, he also testified that within the 100 yards or so between the intersection and the point of collision, Snure's automobile was "dropping back a little" in relation to Hasan's vehicle.

At the conclusion of appellant's case, finding nothing in the record to support appellant's allegations that the appellees operated their vehicles in a negligent manner, the court directed verdicts in favor of both appellees.

At the outset the Court feels it is incumbent upon it to distinguish the case at bar from two rear-end collision cases recently decided, *Yellow Cab Company v. Bonds,* 245 Md. 86, 225 A. 2d 41 (1966) and *Hillebrecht v. Stein,* 245 Md. 93, 225 A. 2d 44 (1966).

All three cases share the common characteristic of an intruding vehicle, violating the rules of the road, which caused the forward car to come to an abrupt stop. However, *Yellow Cab* and *Hillebrecht* are factually distinguishable from the case at bar.

In *Yellow Cab,* the plaintiff was a passenger in the taxicab of the defendant company. The weather was inclement, the street was wet and there was evidence that, under the circumstances, the operator of the taxicab might have been following too close to the forward vehicle and not keeping a proper lookout. The operator of the forward vehicle, when he saw the intruding vehicle come through a stop sign, stopped his car without difficulty and without skidding and was stopped "a second or so," before the taxicab hit him. Obviously these facts raised questions which were properly for consideration by the jury.

In *Hillebrecht,* the rear vehicle (defendant) started from a parked position at the curb, traveled to the point of impact at the intersection only one hundred and five feet away, and did substantial damage to the forward (plaintiff's) vehicle. There was also evidence that the lane to the defendant's right was clear and that he might have turned into it to have avoided the collision. In both of these cases this Court affirmed the action of the lower courts in their refusal to grant directed verdicts for the defendants.

This Court is not unmindful of the recent opinion by Chief Judge Hammond in *Beverly B. Clark v. Franklin Junkins,* 245 Md. 104, 225 A. 2d 275, a rear-end collision case. However, there was no intruding vehicle involved affecting the operation of the forward vehicle; and the facts pertaining to the operation of the rear vehicle are so dissimilar to the case at bar as not to warrant comment.

The basis of the appellant's case against both appellees is that they were operating their motor vehicles at an excessive rate of speed and thus were guilty of negligence. To prove this, appellant testified and introduced one witness, Raymond Thompson. However, viewing all of the testimony and all the inferences, fairly deducible from the facts, in a light most favorable to the appellant, he failed to produce any evidence of speed which could properly have been considered by the jury. *Fowler v. Smith,* 240 Md. 240, 213 A. 2d 549 (1965) ; *Jones v. Baltimore Transit Co.,* 211 Md. 423, 127 A. 2d 649 (1956) ; *Willey v. Glass,* 242 Md. 156, 218 A. 2d 212 (1966) (Dicta), and compare *Mulligan v. Pruitt,* 244 Md. 338, 223 A. 2d 574 (1961).

With regard to the forward car driven by appellee Hasan, in which appellant was riding, the question of speed is actually immaterial because the appellant, by his own construction of the case, interjects an intruding vehicle which abruptly invaded the traffic lane in which appellee Hasan was traveling; thus creating an emergency which, according to the appellant, required Hasan to come to a sudden stop in order to prevent a collision with the intruder.

*Jones v. Baltimore Transit Co., supra,* p. 426, 127 A. 2d 651, controls the case between appellant and Hasan, and as

stated by Judge Hammond (now Chief Judge) speaking for the Court:

"Even if the plaintiff shows that the defendant was negligent, it is not enough; it must be shown that this negligence was the direct and proximate cause of the injury. *Restatement, Torts,* Secs. 440, 441, 447; *Parsons v. C. & P. Telephone Co.,* 181 Md. 502, 505.

And again at p. 429, 127 A. 2d 653:

"The cause of the accident clearly was the unexpected and unforeseeable action of the automobile that violated the rules of the road by invading the lane of the bus."

Accord *Koester Bakery Co. v. Poller, Etc.,* 187 Md. 324, 332, 50 A. 2d 234, 238 (1946); *Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 182, 49 A. 2d 537, 540 (1946) (Dictum); *Gudelsky v. Boone,* 180 Md. 265, 270, 23 A. 2d 694, 697 (1942); *Motor Tours v. Becker,* 165 Md. 32, 166 A. 434 (1933).

With regard to the rear or following automobile driven by appellee Snure, again there was neither evidence of speed nor evidence that he was following too closely to the forward vehicle. According to the appellant's own testimony, the accident happened within 100 yards after both automobiles had previously come to a full stop at a traffic light and Hasan, driving the first vehicle, was not exceeding 25 miles per hour when the emergency occurred which caused him to stop suddenly resulting in the Snure vehicle crashing into the back of Hasan's vehicle. Thompson testified that in the 100 yards or so, between the intersection and the point of collision, "he [Snure] was dropping back a little bit from the Cadillac [Hasan]." The only inference that can be drawn from this testimony is that Snure was moving at less than 25 miles per hour, certainly not an excessive speed. This same witness stated that Snure was following Hasan's vehicle by two or three car lengths.

There was no evidence that Hasan gave any signal that he was going to stop, nor was there any evidence that he had sufficient time to give such a signal.

The case between the appellant and Snure is controlled by

*Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475 (1955). In *Brehm* Judge Delaplaine gives an excellent summation as to the duties encumbent upon the operator of a vehicle following another vehicle and among the several points covered, states at pp. 508-09 (112 A. 2d 479-80) the following:

> "We specifically hold that the mere happening of a rear-end collision of two motor vehicles, without evidence of the circumstances under which it happened, is not proof of negligence of either driver. *Hendler v. Coffey,* 278 Mass. 339, 179 N. E. 801. Moreover, as we said in *Mitchell v. Dowdy,* 184 Md. 634, 642, 49 A. 2d 717, the fact that one automobile is traveling in close proximity to another does not of itself constitute negligence. If it appears that the driver of an automobile brought it to a sudden stop because of some emergency, without giving any warning to a driver following at a reasonable distance, there is no presumption that the rear driver was negligent unless he had the chance to stop after the necessity of stopping was apparent. *Weaver v. Motor Transit Management Co.,* 252 Mich. 64, 233 N. W. 178, 179."

The lower court properly directed verdicts for the appellees.

*Judgments affirmed, with costs.*