OLIVER et vir *v.* THE BALTIMORE TRANSIT COMPANY, et al.

[No. 574, September Term, 1966.]

626

*Decided October 12, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*William D. Hooper, Jr.*, with whom were *Joseph F. Lentz, Jr.* and *Monfred & Lentz* on the brief, for appellants.

*Gerald N. Klauber* for the Baltimore Transit Company, one of appellees; *David D. Patton*, with whom were *Richard R. Rosche* and *Lloyd A. Dreiling* on the brief, for Commissioner of Motor Vehicles, other appellee.

HORNEY, J., delivered the opinion of the Court.

The question on this appeal is whether the trial court should have submitted the issue of negligence to the jury instead of directing a verdict for the defendants at the close of the case for the plaintiffs.

The injured plaintiff-appellant is Mary Oliver, who was a passenger in a bus of the defendant-appellee, the Baltimore Transit Company. The husband of the passenger, Vernon Oliver, is also a plaintiff-appellant. The Commissioner of Motor Vehicles was made a party-defendant below and is named as an appellee here.

The facts seem not to be in dispute. The bus was proceeding easterly on Eastern Avenue in the center lane of traffic. The passenger was standing in the aisle of the bus holding on to a vertical pole when the bus made a sudden and abrupt stop. She was injured as the result of being thrown against a seat. The sudden stop was necessitated by an unidentified automobile stopping in front of the bus to avoid striking an unidentified pedestrian crossing the street in front of the automobile. The bus was moving slowly, about fifteen to twenty miles per hour, and was approximately seventy-five feet behind the automobile. The bus driver was looking straight ahead when he saw the brake lights of the automobile go on and applied the bus brakes normally, but when he saw a woman run across the street in front of the automobile ahead of the bus, he "mashed" on the brakes harder and brought the bus to an abrupt stop behind the automobile. The unidentified pedestrian crossed from the curb to the center lane and then, seeing that the automobile had stopped, retraced her steps to pick up a can of beer she had dropped. The bus driver acknowledged that the stopping of the bus was unusual and extraordinary and stated that he did not cut around the automobile because he would have struck it had he attempted to do so.

In the declaration against the transit company, the passenger and her husband alleged that the bus driver and the unidentified motorist were negligent and that such negligence was the proximate cause of the injuries she sustained.

We think that the direction of a verdict in favor of the transit company and unidentified motorist was proper and that the *Jones* case, relied on by the defendants, not the *Pue* case, primarily relied on by the plaintiffs, controls our disposition of the appeal.

In *Baltimore Transit Co. v. Pue,* 243 Md. 256, 220 A. 2d 551 (1966), where a passenger fell and was injured when a

bus made a sudden stop to avoid an automobile turning in front of it at an intersection and the bus driver, instead of observing the flow of traffic, was watching the traffic light to see if it was going to turn red, it was said (at pp. 260, 261) that "[t]he jury permissibly could have found that a concurrent and contributing cause of the sudden stop the bus driver was required to make was his failure to keep a proper lookout and that if he had he could have seen the intervening motor vehicle and its probable course of travel at a point where * * * 'the distance between such vehicle and his bus would have permitted him to make an ordinary and not an emergency stop' despite its careless and unlawful maneuver in cutting the corner dangerously close to the oncoming bus" and that "had the bus driver been looking as he should have been he could have safely guided the bus to the left of the automobile, since there was no other traffic on the streets, and avoided a stop." [1] That was not the situation here, where the bus driver was confronted with an emergency which was not of his own making. When the pedestrian ran across the street in front of the unidentified automobile the bus driver applied his brakes. Then, when the automobile came to a complete stop and the pedesrtian retraced her steps to pick up the can of beer, the bus driver was compelled to apply the brakes harder and he had no opportunity, as was the case in *Hillebrecht v. Stein,* 245 Md. 93, 225 A. 2d 44 (1966), to swerve out of the traffic lane he was traveling in without striking the automobile in front of the bus.

On the other hand, in *Jones v. Baltimore Transit Co.,* 211 Md. 423, 127 A. 2d 649 (1956), where a bus passenger was injured in a fall when a bus stopped suddenly to avoid colliding with an automobile which had pulled in front of the bus,

---

1. Baltimore Transit Co. v. Sun Cab Co., 210 Md. 555, Yellow Cab Co. v. Bonds, 245 Md. 86, and Hillebrecht v. Stein, 245 Md. 93, also relied on in the present case by the bus passenger, are, like Baltimore Transit Co. v. Pue, 243 Md. 256, distinguishable in that there was evidence from which the jury could have found that the driver in question was negligent. In *Sun Cab* there was evidence that the motorman violated a statutory duty to stop and that as a result he was forced to make an unusual and abrupt stop. In *Bonds* and *Hillebrecht* there was evidence that the drivers were inattentive to the conditions ahead of them.

it was held: (1) that the passenger could not rely on the doctrine of *res ipsa loquitur* because, by showing the negligence of a third party, she had shown an intervening independent cause, and therefore had to prove that the transit company was negligent; (2) that there was no proof of negligence because negligence may not be inferred from general adjectival descriptions alone; and (3) that even if there was evidence of negligence—the bus passenger testified the bus was going "too fast" —the proximate cause of the accident was the negligence of the automobile driver which, regardless of the speed of the bus, required the sudden stop. Obviously, the situation in the present case is analogous to that in *Jones*. Not only was an intervening independent cause shown—the negligence of the unindentified pedestrian—but there was no evidence that the bus driver was negligent: it was not shown that he was following too closely or that he was inattentive to the traffic conditions ahead of him. *Brehm v. Lorenz,* 206 Md. 500, 112 A. 2d 475 (1955).

Since there was no evidence on which to base a rational conclusion to support the claim of the plaintiff, the court properly directed a verdict for the defendant. *Todd v. Ferrell,* 212 Md. 574, 130 A. 2d 581 (1957) ; *Brehm v. Lorenz, supra*.

What has been said with regard to the lack of affirmative evidence is as applicable to the unidentified motorist as it is to the bus driver. The facts of this case therefore compel affirmance both as to the Baltimore Transit Company and the Commissioner of Motor Vehicles.

*Judgments affirmed; appellants to pay the costs.*