900 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard B. THOMAS, Plaintiff-Appellant,
v.
Ronald J. LENHART; Robert W. ELLINGTON; Crew Transfer,
Inc., Defendants-Appellees.
 No. 89-1795.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 16, 1990.
Decided: March 29, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. W. Curtis Sewell, United States Magistrate. (CA-88-1328-A).
 William B. O'Connell, Jr., Arlington, Va., for appellant. John D. McGavin, Lewis, Tydings, Bryan & Trichilo, P.C., Fairfax, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and HARRISON L. WINTER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 This case arises out of a Maryland automobile accident in which the car of appellant, Richard B. Thomas, was struck from behind by a tractor trailer truck driven by appellee Ronald J. Lenhart. Thomas brought a diversity suit in the United States District Court for the Eastern District of Virginia against the owner of the truck Lenhart was driving, appellee Robert W. Ellington; against the owner of the trailer, appellee Crew Transfer, Inc.; and against Lenhart. The case was tried before a jury which found that Lenhart had not acted negligently. Thomas moved for a new trial, and the motion was granted by the magistrate before whom the case was tried. At the conclusion of the second trial, Lenhart was again exonerated by the jury. Thomas appeals, arguing that the magistrate erred in refusing two jury instructions proffered by Thomas. Finding Thomas' contentions to be without merit, we affirm.
 
 
 2
 Thomas first complains that the district court failed to accept his jury instruction concerning negligence and the rule of following another's car too closely. His instruction stated:
 
 
 3
 The driver of a motor vehicle shall not follow another motor vehicle more closely than is reasonable and prudent, having due regard to the speed of both vehicles and the traffic upon, and conditions of, the highway at the time.
 
 
 4
 If a driver fails to perform this duty, then he is negligent.
 
 
 5
 Thomas concedes that Maryland substantive law governs this issue, and argues that his instruction is a correct statement of Maryland law.
 
 
 6
 We disagree. The instruction offered by Thomas is one for negligence per se which provides that a driver is negligent if he fails to perform the duty described in the statute. Under Maryland law, however, violation of a statute is not negligence per se but rather is merely evidence of negligence. "While it has been generally held that a violation of ... a statute may create a prima facie presumption of negligence, it has never been held in this State to be negligence per se." Kelly v. Hubert Baking Co,, 125 A. 782, 787 (Md.1924). Thus, the instruction offered by Thomas is not a correct statement of Maryland law. In addition, the instruction actually issued by the magistrate does correctly state Maryland law. See Clark v. Junkins, 225 A.2d 275, 276 (Md.1967). We find no error in the magistrate's refusal to accept Thomas' instruction.
 
 
 7
 Second, Thomas argues that the magistrate erred in refusing to accept the following instruction:
 
 
 8
 If Mr. Thomas' vehicle was lawfully stopping in its lane of travel and was struck from the rear, you may find that defendant Ronald J. Lenhart was negligent, unless you believe from other evidence that Ronald J. Lenhart was not negligent.
 
 
 9
 Thomas contends that this instruction addresses the burden of proof under Virginia law, a matter of procedure, and that according to Virginia choice of law principles Virginia law therefore governs.
 
 
 10
 This is clearly a matter of substance, however. "[I]t must be held a matter of substance that proof of the occurrence of injury will or will not justify a finding of liability on the ground of negligence." Lachman v. Pennsylvania Greyhound Lines, 160 F.2d 496, 500 (4th Cir.1947). Therefore, according to Virginia choice of law principles, Maryland's substantive law governs. Since the proffered instruction was a statement of Virginia substantive law rather than Maryland substantive law, the magistrate did not err in refusing the instruction.
 
 
 11
 This case was tried before a jury which weighed the evidence presented at trial. Thomas was unable to explain how the accident occurred, while Lenhart recounted how Thomas' car had swerved in front of him and stopped suddenly. The magistrate provided the jury with ample instructions which correctly stated the duties of both drivers under Maryland tort law. The jury was entitled to believe Lenhart's rendition of the facts and find that Lenhart had not acted negligently.
 
 
 12
 For the foregoing reasons, the judgment below is
 
 
 13
 AFFIRMED.