955 F.2d 40
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald T. ATHEY, Plaintiff-Appellant,
v.
NATIONAL SURVIVAL GAMES, INCORPORATED; Uvex Winter Optical,
Incorporated, Defendants-Appellees.
 No. 91-1541.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1991.
 Decided Feb. 24, 1992.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, District Judge. (CA-90-914-R)
 Argued: Elbert R. Shore, Jr., Bell, Shore & Rehder, Rockville, Md., for appellant; Edward M. Buxbaum, Albert J. Mezzanotte, Jr., Whiteford, Taylor & Preston, Towson, Md., for appellees.
 On Brief: John T. Bell, Bell, Shore & Rehder, Rockville, Md., for appellant; Michael Millemann, Law Offices of Nevett Steele, Jr., P.A., Towson, Md., for appellee National Survival Games.
 D.Md.
 REVERSED AND REMANDED.
 Before WIDENER and HAMILTON, Circuit Judges, and JANE A. RESTANI, Judge, United States International Trade, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Donald T. Athey appeals the order of the district court granting summary judgment on his products liability claim against National Survival Games Inc. (hereinafter "National") and Uvex Winter Optical Inc. ("hereinafter "Uvex"). The district court granted summary judgment on the grounds that Athey failed to produce necessary admissible expert testimony on defect and causation. This appeal presents the issue of whether Athey presented admissible expert testimony and whether such testimony was necessary to submit the case to a jury. Because we find that Athey raised genuine issues of material fact without the testimony of an expert, summary judgment was inappropriate and we reverse the decision of the district court.
 
 I.
 
 2
 On October 9, 1988, Athey played a war game with friends. The game was played in an open field and used air pistols which fired small paint pellets. The object of the game was to avoid being hit and marked by a paint pellet. Athey used an air gun and goggles purchased by his friend, Chris Cucchi. The air gun and goggles came in a set. While Uvex manufactured the goggles, National manufactured the gun and packaged the gun and goggles together for distribution.
 
 
 3
 Cucchi testified at his deposition that at some point during the game he fired a paint pellet at Athey from about 25 yards. Although Cucchi did not see the paint pellet strike Athey, or Athey's goggles, he did see Athey fall or dive to the ground immediately after the pellet was fired. When Cucchi approached Athey, who was still on the ground, he noted that there was paint on Athey's face, apparently from being hit by the paint pellet. Cucchi further stated that Athey was still wearing the goggles when he approached him and that Athey was holding his face and complaining that something was inside his eye. Cucchi saw that the paint was on Athey's face but not in his eye or the area around the eye and Cucchi opined that the pellet must have pushed the goggles into Athey's eye.
 
 
 4
 Athey was taken by ambulance to the hospital. The hospital and ambulance records indicate that Athey's eye was physically injured. Although Athey did not recall exactly what happened, he remembered feeling pain in his left eye while he was still running.
 
 
 5
 Athey filed suit, on March 29, 1990, against National and Uvex for strict liability in tort, negligence, and breach of warranty based on the assertion that the goggles were defective because they failed to protect his eye. In its scheduling order, the district court set an October 12, 1990, discovery deadline. The defense sought and received an extension of discovery until November 12, 1990. At the end of the first discovery deadline, October 12, Athey had not produced an expert. On October 19, Uvex filed a motion for summary judgment on the ground that expert testimony was necessary to prove the presence of a defect and causation and that Athey had failed to produce such testimony. On October 26, Athey informed National and Uvex that he had obtained an expert and would make him available for deposition. On November 1, National also filed a motion for summary judgment on the same ground. Athey argued in his response to these motions that the testimony of Cucchi was sufficient proof by itself to submit the case to a jury, and that he had produced an expert before the end of the ultimate discovery deadline.
 
 
 6
 In his response to the motions for summary judgment, Athey attached the sworn affidavit of Dr. Peter Herman Abbrecht, an engineer and medical doctor specializing in body movement and impact assessment. Dr. Abbrecht stated he reviewed Athey's medical evidence and examined the air pistol and safety goggles, and that:
 
 
 7
 I have been informed that the Plaintiff was wearing these goggles during a game ... [and] that a pellet or pellets struck the goggles underneath the safety glasses and pushed the goggles up into the Plaintiff's eye.... Based on the description of the circumstances accompanying the Plaintiff's injury given to me, I believe that the Plaintiff's injuries were caused by a pellet striking the goggles and pushing the goggles into the Plaintiff's eye. (Expert's Affidavit J.A. at 1043).
 
 
 8
 Dr. Abbrecht further opined that a pellet fired from the air pistol at 25 yards was capable of pushing the goggles into Athey's eye if it struck the goggles from below. Dr. Abbrecht also stated that he believed that Athey was wearing the goggles at the time he was hit, otherwise, his injury would be more serious. The goggles, Dr. Abbrecht contended, were not fit for a game of this sort, should have been designed to deflect the pellets, and were insufficient to protect the user.
 
 
 9
 Uvex and National argued to the district court that this expert was not produced before the October 12, 1990, deadline for the plaintiff's discovery, and that his opinion was not based on sufficient facts. The district court ruled that Dr. Abbrecht's testimony could not be excluded as untimely because it was in response to requests from the defense during their extended discovery time period. The district court held, however, that Dr. Abbrecht's opinion appeared to be based not on facts, but on information he was given, mainly consisting of Cucchi's inadmissible conjecture that the pellet had pushed the goggles into Athey's eye. The district court reasoned there was no independent factual basis for Dr. Abbrecht's opinion that would be admissible at trial. Therefore, the district court held that Dr. Abbrecht's opinion was "... nothing more than speculation and, hence, inadmissable." (Order JA at 215). The district court held that expert testimony was needed to present sufficient evidence that a defect caused Athey's injury. Since Athey failed to produce such admissible evidence, on December 11, 1990, the district court granted summary judgment on all counts in favor of the defendants.
 
 
 10
 Athey thereafter brought a motion to reconsider on the grounds that Dr. Abbrecht did not base his opinion on the statements of Cucchi, but that the opinion was derived independently. He also argued that Dr. Abbrecht's testimony was not even necessary to submit the case to a jury because the circumstantial evidence was sufficient to show the existence of a defect that caused his injury. Athey attached a further affidavit from Dr. Abbrecht that described in detail the testing that he performed in reaching his conclusions.
 
 
 11
 The district court found no basis for reconsidering its decision with regard to Dr. Abbrecht's affidavit. The district court made it clear that it rejected Dr. Abbrecht's testimony not because of lack of detail but because that testimony had insufficient factual basis. On March 28, 1991, the district court further ruled that it need not consider the supplemental affidavit[1] as it was evidence which due diligence should have discovered before the district court's entry of summary judgment. Fed.R.Civ.P. 60(b)(2).[2]
 
 
 12
 Athey filed a timely notice of appeal which specifically mentioned the district court's original judgment of December 11, 1990; it did not however mention the district court's order of March 28, 1991, which denied Athey's motion to reconsider. Athey filed an amended notice of appeal that included the March order on May 7, 1991. National and Uvex moved to dismiss that portion of Athey's appeal dealing with the March 28 order on the grounds that a timely notice of appeal was not filed with respect to that order.
 
 II.
 
 13
 In reviewing a grant of summary judgment, we use the same standard that the trial court does in rendering summary judgment. All evidence and reasonable inferences drawn therefrom are considered in the light most favorable to the party opposing summary judgment. Charbonnages De France v. Smith, 597 F.2d 406 (4th Cir.1979). If there are genuine issues of material fact, summary judgment is inappropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 III.
 
 14
 It is clear that, under the law of Maryland, the mere fact of injury is not enough to make out a products liability claim. Brehm v. Lorenz, 112 A.2d 475 (Md.1955). Plaintiffs in a product liability case must establish that the product was in a defective condition at the time it left the manufacturer; that it was unreasonably dangerous; that the defect caused the injury; and that the product reached the consumer without substantial change. Phipps v. General Motors Corp., 363 A.2d 955 (Md.1976). This applies to strict liability, negligence, and breach of warranty claims. Id.
 
 
 15
 Athey's theory of injury is that his eye was damaged because the paint pellet struck the goggles from underneath and deflected them into his eye. Athey claims that since the goggles were packaged with the air gun, they should be designed to protect against such an injury. National and Uvex contend that such a theory requires an expert to give an opinion as to "physics, aerodynamics and engineering...." (Appellee's Brief 12). Athey contends that the circumstantial evidence alone is sufficient to prove his claim.
 
 
 16
 It is true that expert testimony is recognized as important, though not critical, in products liability cases. See, e.g., Lee v. Baxter, 721 F.Supp. 89 (D.Md.1989), aff'd, 898 F.2d 146 (4th Cir.1990). "The general rule is well established that expert testimony is only required when the subject of the inference is so particularly related to some science or profession that it is beyond the ken of the average layman." Id. at 656 (citing Heaton v. Ford Motor Co., 435 P.2d 806 (Or.1967)). Whether Athey can prove that his theory is correct is a matter for the fact finder. Athey has, however, alleged and presented circumstantial evidence that he was injured when Cucchi fired at, and hit him, during the game; that he was wearing the safety goggles at the time; and that the goggles failed to protect his eye from injury. This evidence is sufficient, without an expert's opinion, for a reasonable and fair minded jury to determine whether there was a defect in the goggles which caused Athey's injury.
 
 
 17
 We need not be concerned that the evidence is wholly circumstantial because circumstantial evidence itself can be sufficient to raise a question of fact as to causation and defect. Virgil v. Kash N Karry Service Inc., 484 A.2d 652 (Md.1984). In a case where circumstantial evidence is relied upon, expert testimony is one of the factors, but not the only factor, to be considered in determining whether a defect may be inferred from that circumstantial evidence. Other independent factors include: (1) the occurrence of the injury shortly after sale, (2) similar accidents with the same product, (3) the elimination of other causes and (4) that this type of accident does not occur absent some defect. Harrison v. Bill Cairns Pontiac, 549 A.2d 385 (Md.1977) (citing Prosser, Law of Torts, § 103 at 673-74 (4th ed.1971)). Athey raised a genuine issue of material fact as to whether (1) his injury would have occurred absent a defect in the goggles or (2) other causes were eliminated. Athey made out a case of circumstantial evidence from which the jury could find in his favor. The district court erred in determining that expert testimony was necessary and that Athey therefore failed to raise genuine issues of material fact. As such, summary judgment was inappropriate.
 
 
 18
 Because we find the circumstances, if proven, sufficient in this case to establish a products liability claim without expert testimony, we find it unnecessary to consider the sufficiency of Dr. Abbrecht's first affidavit, or whether it was error for the district court to refuse to consider Dr. Abbrecht's supplemental affidavit.[3] The decision of the district court is accordingly reversed and the case is remanded to the district court for trial.
 
 
 19
 REVERSED AND REMANDED.
 
 
 
 [1]
 This supplemental affidavit revealed that Dr. Abbrecht performed specific tests of the forces necessary to deflect the goggles, the force with which the pellet was propelled by the air pistol, and the upward angle of firing necessary to deflect the goggles. He concluded that the goggles would be deflected into the eye if a pellet was shot at 25 yards and struck the lower lip of the goggles at an upward angle. Given the injury and the supposition that Athey was wearing the goggles, he opined that this is what must have happened. Dr. Abbrecht further denied that his opinion was in any way based on the opinion of Cucchi
 
 
 [2]
 The district court recognized that the information concerning the testing conducted by Dr. Abbrecht was "significant information." However, as noted, the court declined to consider this as a factual basis for the Doctor's opinions since it should have been included in the original evidence presented in opposition to the motions for summary judgment
 
 
 [3]
 In view of our remanding the case for trial, we need not address the motion by National and Uvex to dismiss that part of Athey's appeal dealing with refusal (Order, March 28, 1991) to reconsider its order of December 11, 1990